**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEC 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| OKECHUKWU MUMMEE AMADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1999 |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is "plaintiff's Response to Court's Order Dated November 22,

2006." It appears that plaintiff is a detainee in the custody of the Bureau of Immigration and

Customs Enforcement pending his removal, and has been so detained since 2000 when he

finished serving a prison sentence. Thus, he is no longer considered a prisoner for purposes of

the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915, and need not submit a certified copy of

his trust fund account statement. *See LaFontant v. Immigration and Naturalization Serv.*, 135

F.3d 158, 165 (D.C. Cir. 1998) (where petitioner seeking review of deportation order is detained

by Attorney General for deportation purposes, he is an alien detainee, not a prisoner); *Ojo v.*

*Immigration and Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (holding that "the PLRA

does not bring alien detainees within its sweep," such that filing fee provisions did not apply to

deportee's habeas action). Having reviewed plaintiff's application to proceed *in forma pauperis*,

the Court concludes that plaintiff is unable to pay the filing fee, and his application will be

granted.

Accordingly, it is hereby

ORDERED that the Court's November 22, 2006 Order [Dkt. #3] is VACATED. It is further

ORDERED that plaintiff's application to proceed *in forma pauperis* [Dkt. #2] is GRANTED. It is further

ORDERED that the Clerk of Court shall randomly assign this case to a judge for further proceedings.

SO ORDERED.

_____
United States District Judge

Date: Dec, 13, 2006